IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTONIO PIERRE PERKINS                                                                    PLAINTIFF

v.                                    Civil No. 4:23-cv-04040-SOH-BAB

DEPUTY SHERIFF JUSTIN CRAIN                                                          DEFENDANT

**REPORT AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is Defendant's Motion for Contempt and Dismissal. (ECF No. 23). Plaintiff has not responded and the time to do so has passed.

**I.     BACKGROUND**

Plaintiff Antonio Pierre Perkins filed this 42 U.S.C. § 1983 action *pro se* on April 12, 2023. (ECF No. 1). He filed an Amended Complaint and Application to proceed *in forma pauperis* ("IFP") on April 17, 2023. (ECF Nos. 4, 5). The Court granted Plaintiff's IFP Application on April 21, 2023. (ECF No. 8). After a review of his Amended Complaint, the Court then ordered Plaintiff to file a second amended complaint on May 16, 2023. (ECF No. 10). Plaintiff filed his Second Amended Complaint on June 7, 2023. (ECF No. 12). The Court screened Plaintiff's Second Amended Complaint pursuant to 28 U.S.C § 1915(A) and recommended dismissal of multiple claims and defendants from this matter. (ECF No. 14). Chief Judge Hickey adopted that Report and Recommendation *in toto* on August 17, 2023. (ECF No. 15). The Court ordered service on Defendants Crain and Dorman on September 26, 2023. (ECF No. 17). Defendants Answered on October 25, 2023. (ECF No. 21).

1

The Court entered an Initial Scheduling Order setting discovery and other deadlines on October 30, 2023. (ECF No. 22). In this Scheduling Order, the Court granted Defendants leave to take Plaintiff's deposition pursuant to Federal Rule of Civil Procedure 30(a)(2)(B). *Id*. at 2. The Court also advised in this Scheduling Order that the Plaintiff's failure to "attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action . . . ." *Id.*

On March 8, 2024, Plaintiff filed the instant Motion for Contempt and Dismissal after attempting to depose Plaintiff by video on February 21, 2024. (ECF No. 23). In their Motion, Defendants explain Plaintiff was timely served notice of the deposition. Then Defendants' counsel was notified, by the Arkansas Division of Corrections ("ADC") where Plaintiff is housed, that Plaintiff refused to appear for his video deposition. *Id.* at 1. On the day of the deposition, defense counsel called the undersigned's chambers and explained Plaintiff's apparent refusal to participate. The undersigned then joined the video deposition to speak with Plaintiff. *Id.*

Defendants have attached the deposition transcript to their Motion. In this transcript, the undersigned explains to Plaintiff (1) the process and procedures for a deposition; (2) that the Scheduling Order in this matter gives Defendants permission to take Plaintiff's deposition; (3) that a deposition comes before a trial; and (4) if Plaintiff refuses to participate in the deposition then his case will be subject to dismissal. (ECF No. 23-1). Plaintiff continued to demand a trial and refused to be sworn in for his deposition. Specifically, the undersigned informed Plaintiff: "If you refuse to testify, then some sanction will be imposed, more than likely dismissal of your claim." *Id.* at 6. Plaintiff responded: "Go on ahead with it." *Id.* Then after a detailed explanation of the process and procedures of depositions, Plaintiff was asked if he would answer questions and he

2

replied he would not. *Id.* at 6-8. Plaintiff then refused to be sworn by the Court Reporter. *Id.* at 8-9.

Defendants request dismissal of this action. (ECF No. 23).

## II. DISCUSSION

The Court construes Plaintiff's failure to participate in his video deposition as a failure to prosecute this matter. Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer

3

justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

Here Plaintiff has failed to comply with the Court's Initial Scheduling Order, (ECF No. 22), and participate in discovery. Furthermore, Plaintiff has willfully disobeyed the Court's orders and the Federal Rules of Civil Procedure. The undersigned personally explained to Plaintiff, during his video deposition, that his refusal to participate in discovery violated the Federal Rules of Civil Procedure and the Court's Initial Scheduling Order. Plaintiff was even advised that continued refusal to participate would likely result in dismissal of his case. Plaintiff's actions thereafter, in refusing to be sworn and participate in his deposition, clearly demonstrate willful disobedience of the Court's orders.

### III.   CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended Defendant's Motion to Dismiss (ECF No. 23) be **GRANTED** and Plaintiff's Second Amended Complaint (ECF No. 12) be **DISMISSED WITH PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  **DATED** this **8th day of June 2024**.

                 */s/ Barry A. Bryant*
                 HON. BARRY A. BRYANT
                 UNITED STATES MAGISTRATE JUDGE